NAUTILUS INSURANCE COMPANY, Plaintiff–Appellee

v.

Blanca Lila VILLALTA, Individually and as next friend (surviving mother); Odis Armando Villalta, Individually and as next friend (surviving father) to Odis Steven Villalta, Defendants–Appellants.

No. 13–20298

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 7, 2014.

John Charles Tollefson, Esq., Stephen Andrew Melendi, Tollefson, Bradley, Mitchell & Melendi, L.L.P., Dallas, TX, for Plaintiff–Appellee.

Stephen Martin Nemeth, Esq., Perkins Law Office, Houston, TX, James Irvine Perkins, Jr., The Woodlands, TX, for Defendants–Appellants.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Before REAVLEY, JONES and
PRADO, Circuit Judges.

PER CURIAM: *

Blanca Lila Villalta and Odis Armando
Villalta, each individually and as the surviving parents of Odis Steven Villalta (the
"Villaltas"), appeal the district court's *sua
sponte* grant of summary judgment for
Nautilus Insurance Company ("Nautilus").
For the following reasons, we VACATE
and REMAND with direction to ABATE
or DISMISS the judgment for Nautilus.

Odis Villalta was shot to death by a
security officer employed by Bellaire Security Patrol, Inc. ("Bellaire"). The Villaltas
filed a lawsuit in Texas district court
against Bellaire and others (the "Villalta
case"). Nautilus provides general liability
insurance to Bellaire and filed suit in federal district court against the Villaltas,
seeking a declaration that the policy issued
to Bellaire provides no coverage for damages sought in the Villalta case. The federal district court, *sua sponte*, issued summary judgment for Nautilus, holding that
Nautilus had no duty to defend Bellaire as
a matter of law because the "all assault or
battery" policy exclusion clearly applied.
On appeal, the Villaltas raise two primary
issues: (1) whether the district court erred
in granting summary judgment concerning
Nautilus's duty to defend; and (2) whether
ruling on Nautilus's duty to indemnify is
premature based on the underlying Villalta
case, which remains pending in state court.

We need not address the policy's coverage because the Villaltas do not have a
justiciable interest in the coverage dispute
between Bellaire and Nautilus. The Villaltas and Bellaire entered into an agreement
whereby: Bellaire agreed to the entry of a
$2 million judgment against it in the underlying state case and agreed not to appeal, the Villaltas agreed not to execute on
this judgment, and in exchange, Bellaire
assigned any rights against Nautilus it
may have under the Nautilus policy. This
assignment is invalid as to Nautilus as a
matter of law. *See State Farm Fire &
Cas. Co. v. Gandy*, 925 S.W.2d 696 (Tex.
1996). Without a judgment or agreement
that Bellaire has a legal obligation to pay
damages to the Villaltas, the Villaltas cannot enforce the policy directly against
Nautilus. *State Farm Cnty. Mut. Ins. Co.
v. Ollis*, 768 S.W.2d 722, 723 (Tex.1989)
(per curiam).

The district court's judgment is **VACATED** and **REMANDED** with direction
to **ABATE** or **DISMISS** the judgment for
Nautilus.